IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CR-8-1-D(4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM FRANCIS ARTIS, | ) | |
| | ) | |
| Defendant. | ) | |

On March 7, 2006, defendant William Francis Artis ("defendant") filed two motions. First, the defendant filed a motion to sequester the government's witnesses pursuant to Rule 615 of the Federal Rules of Evidence. Specifically, the motion requested an order:

> (1) sequestering all witnesses the Government intends to call during trial, and
> (2) prohibiting the Government's prosecutor, case agent(s), and/or previously called witnesses from revealing anything about the trial testimony to other of the Government's investigators or non-law enforcement witnesses who will be Government witnesses at trial.

Def. Seq. Mot. 1. Second, the defendant filed a motion for early disclosure of Brady/Giglio material. Additionally, the defendant filed a request that the government provide notice of intent to use any evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. This request does not require court action. On March 13, 2006, the government responded to these motions.

For the reasons explained below, the defendant's motion to sequester is granted and the defendant's motion for early disclosure is granted in part and denied in part.

I.

As for the motion to sequester, the government has joined the defendant's motion. Gov't Resp. 2. Rule 615 "requires the trial court, at the request of a party, to sequester [] witness[es]." United States v. Farnham, 791 F.2d 331, 334 (4th Cir. 1986). The rule states that the court "shall"

sequester witnesses at the request of a party. Fed. R. Evid. 615. The court may allow the government to designate an agent to remain in the courtroom during trial, however, even if the agent will testify. See Farnham, 791 F.2d at 334.

Accordingly, defendant's motion to sequester is granted. All witnesses (whether called by the government or defense) shall be sequestered and each party is prohibited from revealing trial testimony to any witnesses who have yet to testify at trial. The government, however, shall be permitted to designate and have present an investigative agent during the trial, regardless of whether the agent will testify. See Fed. R. Evid. 615. Likewise, the defendant (of course) shall be permitted to be present during the entirety of the trial. See id. This order also does not prevent either party from speaking with witnesses during trial who have yet to take the stand, but it does preclude either party from disclosing to those witnesses the trial testimony of witnesses who have testified. See United States v. Rhynes, 218 F.3d 310, 318-21 (4th Cir. 2000) (en banc).

II.

As for the defendant's motion for early disclosure of Brady/Giglio material, due process requires the government to disclose to the defendant (upon request) any favorable evidence in its possession that is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). In Giglio v. United States, 405 U.S. 150 (1972), the Court held that material that undermined the credibility of government witnesses also must be disclosed. Giglio, 405 U.S. at 153-55. Impeachment material that must be disclosed pursuant to Giglio constitutes a subset of material that must be disclosed under Brady. Spicer v. Roxbury Corr. Inst., 194 F.3d 547, 556 (4th Cir. 1999). All Brady material, including Giglio material, must be "disclosed to a defendant in time for its effective use at trial." United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985). "The predicate of the now well-settled approach to the timing of disclosure under Brady is

2

that the timing decision will differ from case to case." United States v. Beckford, 962 F. Supp. 780, 793 (E.D. Va. 1997).

In terms of statements of government witnesses, the Jencks Act, codified at 18 U.S.C. § 3500, commands, in part, that:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

In this case, the government states that it will "disclose any evidence which tends to establish the Defendant's innocence, mitigate punishment, or impeach, discredit, or contradict the testimony of any witness whom the Government anticipates calling at trial. Plea agreements and criminal histories of cooperating witnesses will be forwarded to the Defendant immediately." Gov't Resp. 1. The government also states, however, that prior statements of government witnesses will be provided at the defendant's arraignment. Id.

Based on the government's stated policy in this case, the government is ordered to continue to make inquires of its investigative agents for Brady/Giglio material, consistent with Kyles v. Whitley, 514 U.S. 419, 437-38 (1995), and continue its practice of producing Brady/Giglio material to the defendant promptly after it has been identified as such and at least 15 days prior to trial. See United States v. Le, 306 F. Supp. 2d 589, 592 n.5 (E.D. Va. 2004) (stating that "exculpatory evidence must be produced on a prompt, ongoing basis"). To the extent that such material comes to the government's attention within 15 days of trial, such material must be produced promptly to the defendant. In terms of witnesses statements governed by the Jencks Act, the government has stated in its response that it shall produce these statements at the defendant's arraignment. The court cannot

3

compel the government to do so sooner. See United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994) ("The district court may not require the government to produce Jencks Act material relating to one of its witnesses until *after* the witness has testified.").

The disclosure of material that constitutes both Jencks Act material and Brady/Giglio material presents a more difficult question. A circuit split exists as to whether the timing obligations of Brady and its progeny or the Jencks Act should apply in such situations and the Fourth Circuit has not squarely addressed the issue. See Beckford, 962 F. Supp. at 789-90 (citing cases). Rather, the Fourth Circuit has stated that for Giglio material, "[w]here the source of the potential impeachment material is the witness's own prior statement, the government is not required to disclose the statement to the accused until concluding its direct examination of the witness." United States v. Trevino, 89 F.3d 187, 189 n.2 (4th Cir. 1996) (citing Jencks Act). One district court in the Fourth Circuit has dismissed this statement as dicta and instead adopted the balancing approach employed by another circuit. Beckford, 962 F. Supp. at 791-92.

Although this court finds Trevino's unambiguous statement highly instructive, this court need not opine on the circuit split because the government has agreed to release witness statements earlier than the Jencks Act requires. Accordingly, any Jencks Act statements that also constitute Brady/Giglio material are governed by the disclosure obligations established in the Jencks Act, and the government's decision to release Jencks Act statements at the defendant's arraignment shall apply to that set of material as well.[1] Disclosure of any Brady/Giglio material found in government witness statements at that time will also be sufficient to comply with the constitutional mandate that it be

---

[1]The defendant's citation to Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980), is unavailing. Among other reasons, that case dealt with whether certain items had to be disclosed at all, not the time by which certain mandatory disclosures had to be made.

4

released in time for its "effective use" at trial. See Smith Grading & Paving, Inc., 760 F.2d at 532.

III.

Although no court action was required in regard to the defendant's request for notice of intent of the government to use Rule 404(b) evidence, the court notes that the government has stated that it presently has no plans to use such evidence and that it will inform the defendant if that changes. See Gov't Resp. 2-3.

IV.

As described above, the defendant's motion to sequester is GRANTED, and the defendant's motion for early disclosure is GRANTED in part and DENIED in part.

SO ORDERED. This the 27 day of March 2006.

JAMES C. DEVER III
United States District Judge